945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jesse J. PRITCHARD, Jr., Plaintiff-Appellant,
v.
Edward MURRAY, Director, VA Department of Corrections, Toni
V. Bair, Regional Administrator, Acting Warden Green,
Mecklenburg Correctional Center, Assistant Warden Smith,
Mecklenburg Correctional Center, T.C. Bullock, IAC Chairman,
Mecklenburg Correctional Center, Sergeant Wilson, Employee,
Mecklenburg Correctional Center, John Does, (1-25) Employees
of the VA Department of Correction, Jane Does, (1-25)
Employees of the VA Department of Correction, Defendants-Appellees.
 No. 90-6328.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Oct. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-395-AM)
 Jesse J. Pritchard, Jr., appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jesse J. Pritchard, Jr. appeals from the district court's order denying relief under 42 U.S.C. § 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court with one exception.
 
 
 2
 Pritchard claimed that he was sentenced to cell confinement for fifteen days by a partial tribunal. The district court granted summary judgment stating that Farley, a member of the Adjustment Committee, despite a corrections officer's report to the contrary, was not present in Pritchard's cell at the time of the incident.
 
 
 3
 Upon review, we find sufficient evidence to suggest that Farley witnessed the shakedown and confiscation of the contraband from Pritchard's cell. Although the district court correctly stated that the Serious Incident Report does not state that Farley participated in the search, two corrections officers' reports--submitted by the defendants--name Farley as an officer who participated in the search of Pritchard's cell. These reports, combined with a lack of any direct statement by Farley of non-involvement, precluded summary judgment on this factual issue.
 
 
 4
 However, even if Farley participated in the search of Pritchard's cell, because the Farley tribunal did not impose isolation or revoke good-time credits, Pritchard was not entitled to the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974). Assuming that Virginia's DOC regulations otherwise create a liberty interest in being free from unjust convictions of disciplinary charges, Pritchard received notice of the charges against him and the opportunity to present his views; this was all the process he was due. Hewitt v. Helms, 459 U.S. 460, 476 (1983). Accordingly, summary judgment-on this basis--was not improper.
 
 
 5
 We otherwise affirm on reasoning of the district court. Pritchard v. Murray, C/A No. 89-395-AM (E.D.Va.Apr. 5, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.